IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:14cv914-CSC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ACTING COMMISSIONER OF ) | |
| SOCIAL SECURITY,[1] ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I.  INTRODUCTION**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 et seq., alleging that he was unable to work because of a disability. His application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[2] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C. §§

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.

[2] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

405 (g) and 1383(c)(3).[3]  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II.  STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

To make this determination[4] the Commissioner employs a five step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[3]  Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.

[4]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[5]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm. of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must, however,] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

---

[5] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

### III.  THE ISSUES

**A.  Introduction.**  The plaintiff was 56 years old at the time of the hearing before the ALJ and has two years toward a college education.  The plaintiff's prior work experience includes work as an electrician.  Following the administrative hearing, the ALJ concluded that the plaintiff has impairments of diabetes without apparent retinopathy and right eye cataract.  Nonetheless, the ALJ concluded that the plaintiff was not disabled because the plaintiff has the residual functional capacity to perform light work.

**B.  The Plaintiff's Claims.**  As stated by the plaintiff, his claims are

1. The Commissioner's decision should be reversed, because the ALJ failed to fulfill his duty to develop the administrative record when he did not obtain Mr. Smith's VA disability decision.

2. The Commissioner's decision should be reversed, because the ALJ erred by improperly acting as both Judge and medical professional.

3. The Commissioner's decision should be reversed based upon the material evidence submitted herewith.

### IV.  DISCUSSION

A disability claimant bears the initial burden of demonstrating an inability to return to his past work.  *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990).  In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and his family or friends; and (4) the claimant's age, education, and work history.  *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983).  The ALJ must conscientiously probe into, inquire of and explore

all relevant facts to elicit both favorable and unfavorable facts for review. *Cowart v. Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981). The ALJ must also state, with sufficient specificity, the reasons for his decision referencing the plaintiff's impairments.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.*

42 U.S.C. § 405(b)(1) (emphases added). Within this analytical framework, the court will address the plaintiff's claims.

### A. FAILURE TO OBTAIN VA RECORDS

The administrative hearing in this case was held on October 11, 2012. During this hearing Mr. Smith testified that his source of income was from VA disability.

> Q: Now, I have reviewed your VA records but I did not see a disability rating. Do you have one from the VA?
>
> A: Yes, sir. I'm at 70 percent which was just recent.
>
> ALJ: Okay. There's no documentation of that, by the way.
>
> REP: Within the two weeks, Your Honor, we'll get that VA rating.
>
> ALJ: That sounds good. All right. Yeah. By the way, I read every single line of every one of these documents and that wasn't in there yet so . . .

(R. at 37-38).

Then, at the end of the hearing, Mr. Smith's counsel told the ALJ, "We will get those records in just as soon as we can and, when we have completed those, I'll send a note along

saying that the record is complete." (R. at 39). The ALJ gave the plaintiff two weeks to obtain the VA disability rating. Those records were never sent to the ALJ, and on January 9, 2013, the ALJ published his decision. (R. at 19).

Smith contends that the ALJ failed in his duty to fully develop the administrative record. Unquestionably, an ALJ has a duty to fully and fairly develop the record. *Cowart*, 662 F.2d at 735-36. However, a claimant bears the burden of proving that he is disabled, and is therefore responsible for producing evidence to support his claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam). Here, the ALJ afforded Smith the opportunity to expand the record by including the VA disability rating. He did not do that. It would be pure speculation now to find that the VA records were necessary to the ALJ's decision. This claim does not warrant relief.

### B. ACTING AS JUDGE AND MEDICAL PROFESSIONAL

Smith argues that the ALJ improperly

> made his own medical findings regarding the functional restrictions imposed by Mr. Smith's diabetes, diabetes without retinopathy, and cataract, right eye. In so doing, the ALJ failed to identify the medical authority on which he relied in drawing his conclusions as to Mr. Smith's work-related limitations of functioning.

(Pl. Br. at 8).

This contention lacks merit. It is the ALJ's duty to assess and determine a Social Security claimant's residual functional capacity. 20 C.F.R. § 404.1546(b). Even a cursory review of the ALJ's decision shows that he reviewed and considered all of the medical

6

evidence before him in reaching a conclusion about the functional limitations imposed on Smith by those conditions. That is all that is required. It is not necessary that a medical provider give an opinion about a claimant's residual functional capacity.

### C.  ADDITIONAL MEDICAL EVIDENCE

Attached to Smith's brief submitted to this court are pharmacy records dating from April 7, 2006, to December 29, 2006. Smith seeks a remand because he claims these records show that "Mr. Smith's medical conditions required his treating physician to prescribe him a plethora of medications in an attempt to treat his medically determinable impairments, including the frequent administration of insulin." (Pl. Br. 9)

To obtain a remand under 42 U.S.C. § 405(g) for consideration of newly discovered evidence, a claimant must show:  (1) there is new, noncumulative evidence; (2) the evidence is material, that is, relevant and probative so there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level. *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001). Smith's evidence fails on the second prong. These records show that Smith's treatment for diabetes and other conditions continued during the specified period, but mere pharmacy records standing alone do not show an inability to work. Thus, the court concludes that the new evidence is not material because there is no reasonable likelihood that these records would change the administrative result.

## V.  CONCLUSION

The court has carefully and independently reviewed the record, and concludes that the decision of the Commissioner is supported by substantial evidence.

A separate order will be entered affirming the Commissioner's decision.

Done this 20th day of January, 2016.

                                        /s/Charles S. Coody
                                CHARLES S. COODY
                                UNITED STATES MAGISTRATE JUDGE